1  RILEY A. CLAYTON
   Nevada Bar No. 005260
2
   **HALL JAFFE & CLAYTON, LLP**
3  7455 West Washington Avenue
   SUITE 460
4  LAS VEGAS, NEVADA 89128
   (702) 316-4111
5  FAX (702)316-4114

6  Attorney for Defendant

7                 UNITED STATES DISTRICT COURT

8                      DISTRICT OF NEVADA

9  DEBORAH HALL,

10                  Plaintiff,                CASE NO.: 2:10-cv-00489-JCM-PAL

11 vs.
                                              **SIGNED STATEMENT CONCERNING**
12 STATE FARM MUTUAL AUTOMOBILE                **REMOVAL**
   INSURANCE COMPANY and DOES I
13 through X inclusive, and ROES I through X
   inclusive,
14
                    Defendants.
15

16

17         Defendant, State Farm Mutual Automobile Insurance Company ("State Farm") by and

18 through its attorney, Hall Jaffe & Clayton, LLP, hereby submits this Signed Statement Concerning

19 Removal pursuant to this Court's Order dated April 8, 2010.

20         **1.     The date(s) on which you were served with a copy of the complaint in the**

21 **removed action:** Service of the First Amended Complaint upon State Farm was effected by service

22 upon the Commissioner of Insurance of the State of Nevada on March 16, 2010.

23         **2.     The date(s) on which you were served with a copy of the summons:** Same.

24         **3.     In removals based on diversity, the names of any served defendants who are**

25 **citizens of Nevada, the citizenship of other parties and a summary of the defendant's evidence of**

26 **the amount in controversy:** Defendant State Farm is an Illinois corporation with its principal place of

27 business in that state, and is authorized to transact insurance under the laws of the State of Nevada.

28 According to the complaint, Plaintiff, Deborah Hall (hereinafter "Plaintiff"), is a citizen and resident of

Clark County, Nevada.

The information contained in the claims file, in addition to the allegations in the amended complaint at the time of removal, which are incorporated herein in total by this reference, establish that Plaintiff has placed an amount in controversy well in excess of the jurisdictional minimum. In summary, this case stems from an automobile accident involving Plaintiff and an underinsured driver. After settling with the underinsured motorist for $25,000, Plaintiff demanded the $100,000 UIM policy limit from State Farm. The demand was based upon the fact that Plaintiff had allegedly incurred at least **$34,000 in past medical specials** allegedly as a result of the subject accident and that Plaintiff would allegedly be required to undergo **two separate surgical procedures** as a result of the subject accident, i.e., a lumbar spine reconstruction surgery at L5-S1, and a knee reconstruction surgery, **the combined costs of which would exceed an additional $150,000 in medical expenses**. According to the amended complaint, State Farm allegedly failed and refused to tender or pay any amount under the UIM policy. Thus, under the UIM contract alone there is at least $100,000 in controversy. Furthermore, the amended complaint separately alleges that State Farm committed "bad faith" and breached the "implied covenant of good faith and fair dealing" which caused Plaintiff to sustain additional damages "in excess of $10,000;" that State Farm allegedly breached Nevada's Unfair Claims Practices Act causing additional damages "including attorneys fees;" that State Farm allegedly engaged in negligence, causing Plaintiff to incur damages "in excess of $10,000;" and that State Farm allegedly engaged in conduct to warrant additional punitive damages "in excess of $10,000." Thus, these separate claims and types of damages sought clearly establish an amount in controversy of at least $130,000, thereby establishing that removal to federal court is proper.

4.  **If your notice of removal was filed more than thirty (30) days after you first received a copy of the summons and complaint, the reason removal has taken place at this time and the date you first received a paper identifying the basis for removal.** Not applicable.

5.  **In actions removed on the basis of the court's jurisdiction in which the action in state court was commenced more than one year before the date of removal, the reasons this action should not be summarily remanded to state court.** Not applicable.

6. The name(s) of any defendant(s) known to have been served before you filed the notice of removal who did not formally join in the notice of removal and the reasons they did not. Not applicable.

DATED this 24 day of April, 2010.

                    HALL JAFFE & CLAYTON, LLP

                    By _____
                    RILEY A. CLAYTON
                    Nevada Bar No. 005260
                    7455 W. Washington Ave., Suite 460
                    Las Vegas, Nevada 89128
                    Attorney for Defendant

**CERTIFICATE OF SERVICE**

Pursuant to Rule 5(b) of the Federal Rules of Civil Procedure, I hereby certify under penalty of perjury that I am an employee of HALL JAFFE & CLAYTON, LLP, and that on the 26th day of April, 2010, the foregoing **SIGNED STATEMENT CONCERNING REMOVAL** was served upon the parties via the Court's e-filing and service program, and by placing an original or true copy thereof in a sealed envelope, and depositing it in the U.S. Mail, postage prepaid, at Las Vegas, Nevada, addressed as follows:

> Richard Schonfeld, Esq.
> CHESNOFF & SCHONFELD
> 520 S. Fourth Street
> Las Vegas, NV 89101
> Fax: (702) 598-1425
> *Attorney for Plaintiff*

/s/ Renee Ouelette
An Employee of HALL JAFFE & CLAYTON, LLP